■ THE PEOPLE OF THE STATE OF NEW YORK v KENNETH SIMPSON.—Motion to reargue this court's order on appeal is unanimously granted, and the following memorandum opinion is issued supplemental to our prior decision of March 18, 1986:

In our prior decision (116 AD2d 65), we addressed defendant's allegation that peremptory challenges had been used in a discriminatory fashion by the prosecutor in selecting the jury. Citing existing case law *(Swain v Alabama,* 380 US 202; *People v McCray,* 57 NY2d 542, *cert denied* 461 US 961; *People v Charles,* 61 NY2d 321), we held that defendant had not sustained his burden of rebutting the presumption of regularity and establishing a substantial likelihood that the peremptory challenges had been racially biased (116 AD2d, at p 68). However, we also acknowledged that the question was currently under review by the United States Supreme Court.

On April 30, 1986, the Supreme Court ruled, in *Batson v Kentucky* (476 US —, —, 106 S Ct 1712, 1722-1723), that if a criminal defendant could establish "a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges", the burden would then shift to the prosecutor to articulate a neutral explanation for his use of the peremptory challenges in that case. The criteria for establishing a prima facie case are (1) a showing that the defendant is a member of a cognizable racial group, members of which were removed from the venire by the prosecutor's exercise of

peremptory challenges; (2) a presumption that peremptory challenges, in effect, give a discriminator an opportunity to discriminate; and (3) an inference, drawn from "any * * * relevant circumstances", that these challenges were used to exclude prospective jurors on account of their race (476 US, at p —, 106 S Ct at p 1723). Examples of "relevant circumstances" include a pattern of strikes against minority jurors, prejudicial statements and questions by the prosecutor during voir dire, and any indication that veniremen are being challenged on the assumption that they will be biased because they are of the same racial grouping as the defendant.

On a motion for mistrial, alleging racially biased use of the peremptory challenges, the Trial Judge held a hearing at which defense counsel conceded no allegation of impropriety or pattern of discrimination against the prosecutor who had selected the jury. Instead, he argued simply that the use of four of the peremptory challenges and two challenges for cause had "systematically excluded blacks" from this jury.

Whether or not a prima facie case was made out by defendant under the *Batson* criteria, the prosecutor did respond by reminding the court that the peremptory challenge had also been used against four white prospective jurors. One of the black veniremen who was peremptorily challenged was an expert in ballistics who had also indicated that he felt somewhat intimidated by police officers. An examination of the prosecutor's reasons for exercising challenges for cause against two of the black veniremen is also revealing on the question of whether there was a racially biased motive.[1] For example, one said he could not convict anyone for possessing a gun. Another, whom the prosecutor indicated would have been an outstanding candidate because her family had been victimized by crime, started to break down and cry just as the prosecutor rose to question her. Out of sympathy, the prosecutor reluctantly asked the court to excuse this black woman for cause. There is no indication that defense counsel objected to this challenge for cause.

In summary, the Trial Judge should be commended for promptly holding a hearing on this question[2] and, presaging the *Batson* decision *(supra)* two years hence, insisting that the

1. If the Supreme Court now directs that we are to examine the motives behind the use of peremptory challenges, it seems only reasonable that the challenges for cause can now also be explored in the hope of shedding light on those motives.

2. *Cf. People v Hockett,* 121 AD2d 878.

hearing focus on the factual allegations surrounding the use of peremptory challenges. From a review of this record, we find convincing the prosecutor's stated goal of picking a jury made up of individuals, regardless of race, who were unsympathetic toward crime. The prosecutor's response, in discussing all six challenges against blacks, more than met the "neutral explanation" test of the Supreme Court in *Batson.*

Accordingly, for the reasons stated, upon reargument we unanimously adhere to our prior decision on the appeal, reinstating the verdict and remanding for appropriate sentencing proceedings. Concur—Kupferman, J. P., Sandler, Carro, Fein and Milonas, JJ.