■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVIN BAYSDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 12, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal, the defendant raises a number of claims of error, only a few of which merit discussion.

With respect to the defendant's claim that the prosecutrix exercised her peremptory challenges in a discriminatory manner, the record reveals that 1 of the 3 black venire members was excused by the court for cause. The prosecutrix peremptorily challenged the remaining two. Although at the time of the defendant's trial the People were not required to come forth with any reason for excusing a particular juror *(see, Swain v Alabama,* 380 US 202, *reh denied* 381 US 921; *People v McCray,* 57 NY2d 542, *cert denied* 461 US 961), the prosecutrix, perhaps presaging the Supreme Court's decision in *Batson v Kentucky* (476 US 479), explained that she excused one of the potential jurors because she was an attorney and the other because he had been the victim of an armed robbery. Therefore, assuming the defendant made out "a prima facie case of purposeful discrimination", it was sufficiently rebutted when the prosecutrix articulated a race-neutral explanation for her use of the peremptory challenges *(see, Batson v Kentucky, supra,* at —, at 1722-1723).

We also reject the defendant's contention that his guilt was not proven beyond a reasonable doubt. The jury was presented with highly divergent accounts of the incident in question, and chose to credit the complainant's testimony over that of the defendant's. The assessment of credibility is a matter primarily reserved for the jurors, who are able to observe the witnesses' demeanor on the stand *(see, People v Govan,* 127 AD2d 690; *People v Di Girolamo,* 108 AD2d 755). We see no reason to disturb their finding.

Moreover, because the defendant and his codefendants all took the stand and denied that any robbery or theft took place, there was no reasonable view of the evidence which would warrant the submission of petit larceny as a lesser included offense *(see, People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Salters,* 75 AD2d 901, *affd* 52 NY2d 1061).

Also without merit is the defendant's contention that the trial court committed reversible error when it denied his request to introduce evidence of purported drug sales by the complainant. The proffered evidence concerned collateral matters and as such was inadmissible *(see, People v Pavao,* 59 NY2d 282; *People v Rivers,* 109 AD2d 758).

The defendant's remaining contentions are either unpreserved or have no merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.