■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO CARTAGENA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 25, 1984, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's argument that he was deprived of his right to a fair trial because the prosecutor used his peremptory challenges to excuse the four black potential jurors on the venire is without merit. At the time of the trial, unless the defendant showed systematic discriminatory exclusion of jurors, the prosecutor was not required to come forth with any reason for excusing a particular juror *(see, Swain v Alabama,* 380 US 202, *reh denied* 381 US 921; *People v McCray,* 57 NY2d 542, *cert denied* 461 US 961). Subsequently, in *Batson v Kentucky* (476 US 79), the Supreme Court held that the Equal Protection Clause forbids a prosecutor from challenging potential jurors solely on account of their race. Upon a defendant's prima facie showing of discrimination in selection of the petit jury, the prosecutor must articulate a race-neutral explanation for his use of peremptory challenges. In this case, the prosecutor, perhaps anticipating the *Batson* decision, responded to the defendant's objection at trial and explained that he excused the four black jurors, along with 16 other nonminority jurors, on the basis of their educational background, their employment history, the employment of their spouses and children, and criminal record, if any. Conse-

quently, assuming that the defendant established a prima facie case of discrimination, the People satisfied their burden of rebuttal.

As to the defendant's claims of error with respect to the court's *Huntley* ruling, we find that the court properly denied that branch of the defendant's motion which was to suppress his written statement and was correct when it ruled that the defendant's subsequent oral and videotaped statements, although obtained in violation of his right to counsel, could be used only to impeach his credibility should he choose to testify *(see, Harris v New York,* 401 US 222; *People v Maerling,* 64 NY2d 134).

We also reject the defendant's contention that he was denied the effective assistance of counsel. Defense counsel was successful in obtaining the suppression of two of the defendant's statements as well as incriminatory testimony pertaining to the defendant's prior robbery of the murder victim. In addition, the attorney raised appropriate objections, conducted extensive cross-examination of the People's witnesses, and presented cogent opening and closing arguments. Thus, the defendant was provided with "meaningful representation" *(see, People v Satterfield,* 66 NY2d 796, 800; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803).

In addition, contrary to the defendant's contention on appeal, the evidence was sufficient to prove his guilt beyond a reasonable doubt. His statement to the police placed him at the scene of the crimes, and witnesses who knew the defendant and his accomplices testified they saw one of the accomplices in possession of the victim's property after the robbery murder and heard the defendant and his cohorts admit they killed the victim during the robbery.

The defendant's remaining contentions are without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.