◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTY JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered November 7, 1985, convicting him of sodomy in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grajales, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The hearing court acted properly in denying that branch of the defendant's omnibus motion which was to suppress the gun and ammunition seized by police at the crime scene. Even if we were to assume that the defendant possessed a reasonable expectation of privacy in the apartment where his arrest was effected and the physical evidence was recovered, it is nevertheless clear that the warrantless entry by police into the subject premises to make the arrest was justified by exigent circumstances. Indeed, the defendant had committed the serious and violent offenses of sodomy and sexual abuse at gunpoint and the police were led to the scene of the offenses by the complainant within minutes of the crime. Moreover, the police reasonably believed that the defendant was still armed and knew from their observations of him prior to their entry that he was inside the premises. Finally, the complainant's identification of the defendant as her attacker provided ample probable cause for his arrest (see, People v Berzups, 49 NY2d 417, on remand 76 AD2d 867; People v Brown, 130 AD2d 585, lv denied 70 NY2d 709; People v White, 109 AD2d 859). Under these circumstances, the entry was not a violation of the prohibition against warrantless arrests set forth in Payton v New York (445 US 573) (see, People v Brown, supra; People v Pabon, 120 AD2d 685, lv denied 68 NY2d 1003; People v Gordon, 110 AD2d 778; People v Green, 103 AD2d 362; see generally, People v Mealer, 57 NY2d 214, cert denied 460 US 1024).

Additionally, we note that the court did not abuse its discretion in adjudicating the defendant a persistent felony offender and in imposing sentence accordingly, as the record

reveals that the court was aware of the relevant factors and its determination is amply supported by the evidence *(see, People v Drummond,* 104 AD2d 825; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973; *People v Stewart,* 96 AD2d 622).

Finally, any error which the trial court may have committed in limiting defense counsel's direct examination of the defendant's wife must be considered harmless beyond a reasonable doubt in view of the dubious relevancy and probative value of her proffered testimony and the overwhelming direct and circumstantial evidence of the defendant's guilt. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.