■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORATIO BRIDGET, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered February 16, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a fair trial because the prosecutor used his peremptory challenges to excuse all five of the potential black jurors on the venire. We disagree.

In *Batson v Kentucky* (476 US 79), the Supreme Court held that the Equal Protection Clause forbids a prosecutor from

challenging potential jurors solely on account of their race. Upon the defendant's prima facie showing of discrimination in selection of the petit jury, the prosecution must articulate a race-neutral explanation for its use of peremptory challenges *(see, People v Scott,* 70 NY2d 420).

During the voir dire, defense counsel, at the defendant's prompting, objected to the prosecutor's use of his peremptory challenges as racially discriminatory. Defense counsel stated that the defendant felt he was being denied a fair trial by the removal of black veniremen but proffered no further explanation for his objection. The prosecutor responded by pointing out that 1 of the 5 jurors was excused with the consent of defense counsel and another on the basis of his criminal record. The prosecutor explained that the remaining three black jurors were excused because they were "very, very young black girls."

Assuming the defendant made out "a prima facie case of purposeful discrimination" it was sufficiently rebutted when the prosecutor articulated a race-neutral explanation for excusing the five black jurors *(Batson v Kentucky, supra,* at 93-94; *People v Baysden,* 128 AD2d 795, *lv denied* 70 NY2d 798; *People v Cartagena,* 128 AD2d 797, *lv denied* 70 NY2d 798). Defense counsel acknowledged that two of the jurors were excused for valid reasons and the prosecutor explained that the remaining three jurors were excused because of their youth. Although his explanation also referred to the jurors' gender and race, it is obvious from the record that those references were used only descriptively in the context of a general discussion of black jurors initiated by defense counsel. His emphasis of the word "young" showed his concern was with the jurors' youth, and in view of the defendant's age at trial, the prosecutor's concern was legitimate. In any event, the *Batson* court emphasized that "the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause" *(Batson v Kentucky, supra,* at 97) but need only be " 'clear and reasonably specific' " *(Batson v Kentucky, supra,* at 98, n 20, quoting *Texas Dept. of Community Affairs v Burdine,* 450 US 248, 258). Moreover, at the time of the trial, unless the defendant showed systematic discriminatory exclusion of jurors, the prosecutor was not required to come forth with *any* reason for excusing a particular juror *(see, Swain v Alabama,* 380 US 202, *reh denied* 381 US 921). We also find significant the fact that the prosecutor had also peremptorily challenged 12 potential nonblack jurors *(see, People v Simpson,* 121 AD2d 881, *lv denied* 68 NY2d 773).

The record before us is otherwise devoid of any indication that the prosecutor excused the jurors on account of their race. Neither the Trial Judge nor defense counsel claimed that the prosecutor's explanation was lacking in good faith. Defense counsel merely raised an allegation of discrimination and, significantly, made no attempt to respond to the explanation thereafter offered by the prosecutor. Nor did the Trial Judge, who oversaw the entire voir dire, either dispute or reject the prosecutor's explanation as racially discriminatory. We find these facts to be in distinct contrast to those presented in *People v Scott (supra)*, where the prosecutor failed to make any response to defense counsel's showing that the black jurors excused by the prosecutor were, if not for their race, the exact type of juror that a prosecutor would want on his jury. The prosecutor in *Scott (supra*, at 424) "did not dispute counsel's statements, offer additional facts, or try to explain the strikes" while the prosecutor in the instant case gave race-neutral explanations for excusing all five black jurors.

We have considered the remaining contentions advanced by the defendant and find them to be without merit. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.