■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIO HERNANDEZ, Appellant.

The defendant, who is Hispanic, claims that the prosecutor used his peremptory challenges to exclude from the jury all panel members with Hispanic surnames, thereby violating the defendant's equal protection rights *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420). Although the ethnicity of one challenged juror is not certain, the record reveals that the prosecutor did in fact peremptorily challenge the only three prospective jurors who definitely had Hispanic surnames. Therefore the defendant has made out a prima facie case of discrimination *(see, Batson v Kentucky, supra,* at 96; *People v Scott, supra,* at 423). However, as to all the challenged jurors the prosecutor came forward with race-neutral explanations for his challenges sufficient to rebut the defendant's prima facie showing *(see, Batson v Kentucky, supra,* at 96-97). Two of the jurors were dismissed because they had close relatives who had been prosecuted by the District Attorney's office and there was a question as to their impartiality. The remaining two jurors, including the one whose Hispanic origin was questionable, were challenged because they both spoke Spanish and indicated during the voir dire that they might have difficulty accepting as final and authoritative the court interpreter's translation of the testimony. Although these explanations may not have risen to the level of those needed to justify a challenge for cause, they were sufficient to satisfy the prosecutor's burden to come forward with nondiscriminatory reasons for his challenges *(see, Batson v Kentucky, supra,* at 97; *People v Baysden,* 128 AD2d 795, *lv denied* 70 NY2d 798; *People v Cartagena,* 128 AD2d 797, *lv denied* 70 NY2d 798). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.