■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD HOWARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 5, 1984, convicting him of robbery in the first degree, criminal possession of stolen property in the first degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. By decision and order dated March 23, 1987, this court remitted the case to the County Court, Nassau County, to hear and report on the propriety of the prosecutor's exercise of peremptory challenges and in the interim, the appeal has been held in abeyance *(People v Howard,* 128 AD2d 804). The hearing has been held (Orenstein, J.), and the findings have been received.

Justice Kunzeman has been substituted for former Justice Niehoff *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

Following a hearing to determine whether the prosecutor had utilized peremptory challenges to exclude prospective jurors on account of their race, the County Court, Nassau County, determined that the prosecutor had provided racially neutral reasons in support of his exclusion of the 2 black members of the 48-person venire. Accordingly, the court concluded that there had been no violation of the principles enunciated by the Supreme Court in *Batson v Kentucky* (476 US 79).

The *Batson* case stands for the proposition that a prosecutor may not challenge potential jurors solely on account of their race or on the assumption that black jurors will be unable to assess the State's case against a black defendant in an impartial manner. In order to rebut a prima facie case of such discrimination, it is incumbent upon a prosecutor to articulate a reasonably specific and racially neutral explanation which is related to the particular case to be tried.

Based upon the record developed at the hearing, we find, as did the County Court, that the People have satisfied this burden. One of the black jurors was excluded because she had difficulty reading the words on a chart which had been presented to all prospective jurors. This juror was the only member of the venire who had encountered such difficulties. The decision to exercise a peremptory challenge against this individual, therefore, resulted from the implementation of a "permissible racially neutral selection * * * procedure" *(see, Batson v Kentucky, supra,* at 94) which was applied to all of the panelists, irrespective of race. Accordingly, we see no reason to invalidate her exclusion.

The record further reveals that the remaining black juror was peremptorily challenged on the basis of her employment history, lack of exposure to the criminal justice system, absence of prior jury service and the fact that she had expressed no opinion regarding psychiatric illness, which was believed to be relevant because of the background of one of the key witnesses. Indeed, according to the record, a nonminority male juror had been peremptorily challenged for reasons virtually identical to those proffered in support of the exclusion of the black juror. Therefore, since nonracial bases existed for striking this juror and since the racially neutral criteria used in formulating the decision to exercise a challenge appears to

have been extended to the entire venire, we conclude that the proscriptions of *Batson* were not violated here *(see, People v Bridget,* 139 AD2d 587; *People v Baysden,* 128 AD2d 795; *People v Cartagena,* 128 AD2d 797).

We have examined the remaining contentions raised by the defendant, including his challenge to the propriety of the sentence, and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.