■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered January 22, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 18, 1985, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following the completion of jury selection, the defense counsel moved for a mistrial upon the ground that the prosecutor had exercised his peremptory challenges in order to strike the only four black members of the venire. The County Court, even though the United States Supreme Court had yet to hand down its landmark decision in *Batson v Kentucky* (476 US 79), mandating that under such circumstances the prosecution must articulate a race-neutral explanation for the use of its peremptory challenges, properly provided the prosecution with such an opportunity *(see also, Griffith v Kentucky,* 479 US 314; *People v Scott,* 70 NY2d 420; *People v Bridget,* 139 AD2d 587, *lv denied* 72 NY2d 911). Upon our examination of the record herein, we find that the prosecutor's race-neutral explanation for the use of his peremptory challenges sufficiently rebutted the defendant's prima facie showing of purposeful discrimination *(Batson v Kentucky, supra; People v Bridget, supra).*

The record fails to support the defendant's contention that the admission of evidence of his alleged flight and the court's subsequent charge on that evidence deprived him of a fair trial (Richardson, Evidence § 637 [Prince 10th ed]; *People v Lagana,* 36 NY2d 71; *People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679; *see also, People v Allen,* 61 AD2d 619, *affd* 48 NY2d 760; *People v Stilwell,* 244 NY 196; *cf., People v Edmond,* 118 AD2d 797).

We have considered the defendant's remaining contention and find that it was unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.