■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CARTIER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered January 7, 1983, convicting him of murder in the second degree (two counts), burglary in the second degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and written statements made by him.

Ordered that the judgment is affirmed.

The defendant was charged with acting in concert with Roger Powell and Mary Bowen in committing murder in the second degree, burglary in the second degree, and conspiracy in the second degree. The proof adduced by the prosecution established that early on the morning of October 18, 1981, the defendant and Powell strangled the elderly Mildred Cotter, for whom Bowen worked as a companion and caretaker, after having been supplied by Bowen with a key to the victim's dwelling.

At a pretrial hearing, the defendant challenged the admissibility of inculpatory oral and written statements which he gave to the police on the ground, *inter alia,* that they were the product of a warrantless arrest effected on January 7, 1982, within his dwelling in violation of his constitutional rights as set forth in *Payton v New York* (445 US 573). The hearing court rejected this contention, concluding, *inter alia,* that the arrest was made under exigent circumstances. We agree.

At the outset, we reiterate the familiar precept that a hearing court's determination is to be accorded great defer-

ence on appeal and will not be disturbed absent a clear showing that it is unsupported by the record *(see, People v Lewis,* 138 AD2d 632; *People v Gonzalez,* 138 AD2d 622). We discern no basis in the record before us to upset the hearing court's factual determinations and its assessment of the witnesses' credibility in this case.

The determination of whether exigent circumstances are present in a particular case requires consideration of a number of factors, including (1) the gravity or violent nature of the offense committed, (2) whether the police have reason to believe that the suspect is armed, (3) whether there exists clear probable cause to believe that the suspect has committed the offense, (4) whether there is strong reason to believe that the suspect is present in the premises, (5) the likelihood that the suspect may attempt to escape, and (6) the time and nature of the police entry upon the premises *(see, People v Burr,* 70 NY2d 354, 360; *People v Mealer,* 57 NY2d 214, 219, cert denied 460 US 1024; *People v Bero,* 139 AD2d 581, 584-585; *People v Green,* 103 AD2d 362, 363-364).

The application of the foregoing factors to the matter before us compels the conclusion that the defendant was lawfully arrested pursuant to the exigent circumstances exception to the general prohibition against warrantless arrests in the home. There can be no question but that the strangulation murder of the frail, elderly victim was both serious in nature and savage in its commission. Moreover, the credible hearing evidence establishes that, during the course of their investigation and a few days before the defendant's arrest, the police learned from the defendant's wife that she had seen a handgun in the defendant's possession. Accordingly, there was ample reason to believe that he was armed. Furthermore, the police clearly had probable cause to believe that the defendant was involved in the commission of the offense. Indeed, in addition to other facts of which they became aware during the ongoing investigation, the police learned on the evening of January 6, 1982, that a fingerprint recovered from a bank withdrawal slip found at the crime scene matched the defendant's thumbprint. They subsequently spoke to an officer of the bank, who indicated that the defendant had never maintained an account at that financial institution. Upon their receipt of this information, the police promptly set out to locate and arrest the defendant on January 7, 1982. The police also had strong reason to believe that the defendant was present in his apartment just prior to the arrest, as they received highly reliable information to that effect from the

defendant's probation officer. The evidence on the question of whether there was reason to believe that the defendant might attempt to escape is largely equivocal. However, it is clear that, during an early phase of the investigation and without any mention of the offenses having been made by the police, the defendant volunteered a false alibi regarding his whereabouts at the time of the crimes. This fact was some indication to the authorities that the defendant believed he was a suspect in the case and might attempt to flee the jurisdiction at some opportune moment. Finally, the record demonstrates that the police effected the arrest at approximately 1:00 P.M. on January 7, 1982, without any forcible entry. Accordingly, upon our consideration of the foregoing factors and the circumstances of this case, we agree with the hearing court's determination that the defendant's prompt and warrantless arrest was justified by exigent circumstances (see, e.g, People v Jones, 134 AD2d 451; People v Brown, 130 AD2d 585). We find the defendant's additional contentions in support of the suppression of his statements to be similarly unavailing.

There is no merit to the defendant's contentions that the burglary and felony murder charges against him should be dismissed because, with Mary Bowen's permission, he was lawfully on the premises, that evidence of Bowen's preconspiracy activities was improperly admitted, and that the voir dire was tainted by a Batson violation, as the defendant maintains in his supplemental pro se brief.

The credible evidence overwhelmingly demonstrates that the defendant knowingly entered the victim's dwelling unlawfully with the intent to commit a felony therein, as the victim did not consent to the entry and the defendant was obviously aware that Bowen had no authority to authorize an entry. Accordingly, there is no ground upon which to dismiss the felony murder charge, or the burglary count upon which it rests.

Moreover, the evidence of Bowen's conduct prior to the defendant's agreement with her to kill the victim was admissible to prove motive, as well as to establish the over-all design, plan or scheme contrived in the first instance by Bowen, and later joined in by the defendant (Fisch, NY Evidence §§ 240, 241 [2d ed 1977]). This testimony was also necessary to establish the framework of the plot, since without it the People's case would have been unintelligible. Moreover, at no time did the evidence implicate the defendant in crimes with which he was not charged. Accordingly, we conclude that the trial court

did not improvidently exercise its discretion in admitting evidence which tended to establish the conspiracy charged.

Finally, the defendant complains in his supplemental *pro se* brief that by peremptorily excluding the only three potential black venirepersons from the jury, the prosecutor engaged in purposeful discrimination, in violation of *Batson v Kentucky* (476 US 79). Although at the time of the defendant's trial the People were not required to come forth with any reason for excusing a particular juror *(see, People v Baysden,* 128 AD2d 795, *lv denied* 70 NY2d 798), the prosecutor explained that he excused one juror because his family was well known to the District Attorney's office as having an extensive criminal history *(see, People v Hernandez,* 140 AD2d 543, *lv granted* 72 NY2d 1046), another because he demonstrated too limited an intellectual ability to comprehend the complex issues involved in the case *(see, People v Cartagena,* 128 AD2d 797, *lv denied* 70 NY2d 798), and a third because she was very young and too immature to properly evaluate the evidence to be presented *(see, People v Bridget,* 139 AD2d 587). In view of these race-neutral explanations for his challenges, the prosecutor met his burden of demonstrating that the three challenges were not racially motivated. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.