■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLERY DARNELL JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 5, 1984, convicting him of robbery in the first degree, criminal possession of stolen property in the first degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the codefendant, Clifford Howard, were jointly tried for, *inter alia,* a robbery which occurred at the Inwood branch of the Peninsula National Bank on July 7, 1982. This court, upon an appeal by the codefendant, remitted the matter to the County Court, Nassau County, for a hearing to determine whether the prosecutor exercised peremptory challenges in a racially discriminatory manner, in violation of the principles enunciated in *Batson v Kentucky* (476 US 79; *see, People v Howard,* 128 AD2d 804). Following this hearing, the County Court (Orenstein, J.) concluded that the prosecutor had provided racially neutral reasons in support of his exclusion of the 2 black members of the 48-person venire. The County Court's findings were subsequently affirmed by this court *(see, People v Howard,* 143 AD2d 943). The defendant now claims that he is entitled to a separate evidentiary hearing to determine whether the prosecutor violated his constitutional rights during the jury selection process.

Contrary to the defendant's contentions, we find that a new evidentiary hearing is unnecessary since the prosecutor, who tried both defendants before a single jury, has already been called upon to articulate his reasons for excluding the black members of the venire. Since the sole purpose of the evidentiary hearing was to evaluate the justifications advanced by the prosecutor for his use of peremptory challenges and since the identity of the defendants had no bearing upon the issue to be resolved, the affirmed finding that nonracial bases existed for striking the prospective jurors in question applies to both defendants *(see, People v Howard,* 143 AD2d 943, *supra).* A second evidentiary hearing would be duplicative and a waste of valuable judicial resources.

We have examined the defendant's remaining contentions

and find them to be without merit. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.