■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JEFFERSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered October 6, 1986, convicting him of burglary in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steinberg, J.), of those branches of the defendant's motion which were to suppress physical evidence and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Based upon its finding that the apparently under-aged defendant was driving in an erratic manner and that the vehicle being driven by him matched the description of a vehicle referred to in an earlier radio transmission, the hearing court properly determined that the police officers had a reasonable basis to stop the car driven by the defendant *(see, People v Gilyard,* 145 AD2d 568; *People v Mathis,* 136 AD2d 746). Thereafter, the defendant was unable to produce a driver's license, vehicle registration or insurance card. The officers observed two pouches on the front seat of the automobile, one of which was overflowing with jewelry. The defendant, who appeared to be nervous, claimed that the jewelry was his but could produce no proof of ownership. When the car was stopped, the passenger immediately jumped out and, when directed to get back in, stated that he had never been in the car. Under such circumstances, the officers had a sufficient basis upon which to have the defendant accompany them to the police station for further investigation *(see, People v Copeland,* 39 NY2d 986; *People v Shapiro,* 141 AD2d 577).

At the precinct, the officers observed additional pieces of jewelry in the defendant's sock when he attempted to adjust it and he was formally arrested. Thereafter, the defendant was read his *Miranda* warnings and on a subsequent search of his person incident to his arrest, additional pieces of jewelry were found in his pants pockets. Based upon all of the foregoing, the defendant's suppression motion was properly denied.

The defendant, who is black, contends that he was deprived of his right to a fair and impartial jury by the prosecutor's use of her peremptory challenges to exclude from the jury all

three of the potential jurors who were black. Although the defendant was able to make a prima facie showing of discrimination *(see, Batson v Kentucky,* 476 US 79), the presumption thereof was overcome when the prosecutor articulated sufficient nonracially motivated reasons for her challenges *(see, People v Scott,* 70 NY2d 420; *People v Simpson,* 121 AD2d 881).

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.