■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BLAKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 6, 1988, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contentions that the photo array and pretrial lineup procedure were unduly suggestive. Our review of the photo array and a photograph of the lineup reveals that the participants were sufficiently similar in appearance to the defendant so that no characteristic would influence the viewer toward choosing the defendant *(see, People v Bullard,* 146 AD2d 582; *People v Mattocks,* 133 AD2d 89; *People v Emmons,* 123 AD2d 475; *People v Shea,* 54 AD2d 722). The record further establishes that none of the other procedures used in connection with the identification of the defendant were improper.

The defendant's contention that his constitutional right to an impartial jury drawn from a fair cross section of the community was violated is without merit. Assuming arguendo

that the defendant satisfied the first two requirements necessary to establish a prima facie violation of the fair cross-section requirement, i.e., that blacks constituted a "distinctive" group in the Nassau County community and that their representation on the venire was not fair and reasonable in relation to their numbers in the community *(see, Duren v Missouri,* 439 US 357, 364; *People v Guzman,* 60 NY2d 403, 410, *cert denied* 466 US 951), he nevertheless failed to demonstrate that the underrepresentation was attributable to a systematic exclusion of blacks, that is, that the underrepresentation was inherent in the jury selection process utilized *(see, People v Guzman, supra,* at 410; *People v Betancourt,* 153 AD2d 750, 753). Nor is there any merit to the defendant's claim that the prosecutor improperly used his peremptory challenges to exclude a single black juror in a racially discriminatory manner. We find that the defendant did not make out a prima facie case of purposeful discrimination. But, even if he had, it was sufficiently rebutted when the prosecutor articulated a race-neutral explanation for the exclusion of the juror, i.e., that she was a potential witness in another proceeding and that she had taken a course in business law *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420; *People v Cartier,* 149 AD2d 524, *cert denied* — US —, 110 S Ct 1927; *People v Howard,* 143 AD2d 943; *People v Bridget,* 139 AD2d 587).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.