■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY McQUEEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered February 6, 1986, convicting him of rape in the first degree (three counts), sodomy in the first degree, attempted sodomy in the first degree, robbery in the second degree, robbery in the third degree, sexual abuse in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after separate hearings, of those branches of the defendant's omnibus motion which were to dismiss the indictment on speedy trial grounds and to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the 14-month delay between the date of the crime and the com-

mencement of criminal proceedings deprived him of due process *(see, People v Montez,* 167 AD2d 356). The record establishes that probable cause to arrest the defendant did not exist until approximately 14 months after the crime. There is nothing in the record to suggest that the police deliberately delayed in arresting the defendant in order to obtain a tactical advantage *(see, People v Montez, supra; People v Bryant,* 65 AD2d 333), nor is there any concrete showing that the defendant was precluded from presenting a viable defense at trial as a result of the delay *(see, People v Montez, supra; People v Bonsauger,* 91 AD2d 1001).

We disagree with the defendant's contention that the court improperly denied that branch of his omnibus motion which was to suppress identification testimony. A review of the evidence adduced at the *Wade* hearing reveals that the photographic identification procedures employed by the police were not unduly suggestive *(see, People v Blake,* 170 AD2d 613; *People v Bullard,* 146 AD2d 582). In any event, the hearing court's determination that each of the complaining witnesses had an independent basis for in-court identification of the defendant is amply supported by the record *(see, People v Adams,* 53 NY2d 241, 252; *People v Armstead,* 98 AD2d 726).

Similarly unavailing is the defendant's contention that the verdict is against the weight of the evidence. The case against the defendant included, among other things, the logical and consistent testimony of the two eyewitness-complainants and one of the defendant's accomplices. Accordingly, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we find the sentences imposed upon the defendant to be neither unduly harsh nor excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.