■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HOPKINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 20, 1987, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 12, 1987, at approximately 8:20 P.M., Police Officers Badamo and McMullen were patrolling in the vicinity of Beach 43rd Street and Beach Channel Drive in Rockaway, Queens, in a marked police car. They observed the defendant reach into a brown paper bag, remove a clear plastic bag containing a white powdery substance and hand it to the codefendant, John Chapman. Just after the defendant handed the plastic bag to Chapman, the two looked up, saw the police car, and threw the bags towards a nearby vacant parking lot. They were placed under arrest and the police recovered the two bags. The clear plastic bag contained seven-eighths of an

ounce of cocaine, and the brown bag contained 49 vials of cocaine. The defendant was charged in connection with the cocaine found in the plastic bag but not in connection with the vials found in the brown paper bag. Accordingly, he contends that the trial court erred in allowing the 49 vials to be admitted into evidence against him at trial. We disagree.

Although the defendant was not charged with possession of the 49 vials, the evidence was nonetheless admissible to establish his intent to sell the cocaine found in the plastic bag *(see, People v Alvino,* 71 NY2d 233, 241; *People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264). We agree that there was a deficiency in the chain of custody of the vials, but find that this deficiency related to the weight to be accorded the evidence, not its admissibility.

The defendant's argument that he was deprived of a fair trial because the prosecutor used his peremptory challenges to excuse five black potential jurors is also without merit. In response to objections by defense counsel, the prosecutor explained that he excused five prospective black jurors, three on the basis of their present employment, one due to a prior criminal record and another because of her responsiveness to defense counsel. Consequently, assuming that the defendant established a prima facie case of discrimination, the People satisfied their burden of articulating race-neutral explanations for their peremptory challenges *(see, People v Cartagena,* 128 AD2d 797, 798; *see also, People v Hernandez,* 75 NY2d 350, *cert granted in part* — US —, 111 S Ct 242).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.