■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCARTHUR, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered December 15, 1989, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his motion for a mistrial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner in violation of *Batson v Kentucky* (476 US 79). We disagree. Upon the defendant's application, the prosecutor articulated race-neutral reasons for excusing three prospective black jurors. The prosecutor explained that the voir dire of these jurors revealed that one lacked the mental ability to sit on a jury, another had many relatives accused of crimes, and the third juror's extensive religious activities indicated that she would be too sympathetic toward the defendant. Thus, assuming the defendant made a prima facie showing of discrimination, the record supports the trial court's determination that the People satisfied their burden of rebuttal *(see, Batson v Kentucky, supra; People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 111 S Ct 1859; *People v Williams,* 176 AD2d 245; *People v Cartier,* 149 AD2d 524, *cert denied* 495 US 906).

The defendant also contends that the People failed to prove his identity as the perpetrator of the robbery. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.