■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALE CRAIG, Appellant. [599 NYS2d 110] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 8, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree.

The defendant contends that he was deprived of a fair trial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner. Even assuming that the defendant made a prima facie showing of discriminatory jury selection, the record supports the trial court's conclusion that the prosecutor articulated race-neutral reasons for excusing the two black prospective jurors in question *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Hernandez,* 75 NY2d 350, *affd* 500 US 352, 111 S Ct 1859). The prosecutor explained that he excused the first prospective juror because he believed that she would be unduly sympathetic to the defendant since her family had been accused of crimes *(see, People v McArthur,* 178 AD2d 612). The prosecutor also explained that he challenged the second prospective juror because he believed, among other things, that her backround as a social worker and involvement with a soup kitchen would adversely affect her attitude toward the justice system *(see, United States v Alvarado,* 951 F2d 22; *People v Howard,* 143 AD2d 943). We see no basis to disturb the trial court's decision to credit the explanations proffered by the prosecutor *(see, Hernandez v New York,* 500 US 352, 111 S Ct 1859, *supra).*

We also find that the hearing court was within its discretion in denying defense counsel's request to call two eyewitnesses to testify regarding a lineup identification procedure since there was no evidence presented indicating that the pretrial identification procedure was suggestive *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833).

Further, the trial court did not improvidently exercise its discretion in permitting the prosecutor to cross-examine the

defendant as to four of his 12 prior convictions *(see, People v Sandoval,* 34 NY2d 371; *People v Pavao,* 59 NY2d 282; *People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861). That these prior crimes were similar to the crime charged did not require their exclusion. Nearly all of the defendant's prior crimes involved theft. These prior crimes were probative of the defendant's credibility and were not introduced to demonstrate any criminal propensity *(see, People v Sito,* 114 AD2d 1049).

Lastly, we do not find the defendant's sentence to be excessive in light of his lengthy criminal record *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.