■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MOORE, Appellant. [643 NYS2d 350] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered December 13, 1990, convicting him of burglary in the first degree, sodomy in the first degree, assault in the third degree, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the photographic array was unduly suggestive. The participants were sufficiently similar in appearance to the defendant so that no characteristic would have influenced the viewer to choose the defendant (*see, People v Robert,* 184 AD2d 597; *People v Blake,* 170 AD2d 613; *People v DuBois,* 140 AD2d 619, 622).

The defendant's challenge to the legal sufficiency of the evidence was not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.