■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT DOMINICK, Appellant. [665 NYS2d 311] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered November 15, 1995, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event,

viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, while the defendant points to several inconsistencies in the complainants' testimony, it is well settled that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Their determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafalo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's further contention that the trial court erred in denying his request to dismiss the indictment or to strike any testimony relative to the stolen money which was not available for inspection lacks merit (*see,* Penal Law § 450.10). The choice of an appropriate remedy is committed to the sound discretion of the trial court (*see, People v Kelly,* 62 NY2d 516). The drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence (*see, People v Kelly, supra,* at 520). Under the circumstances, the court imposed an adequate sanction for the the failure to preserve the money in the form of excluding testimony as to the denominations of the lost bills, and an adverse inference charge.

Additionally, we note that the court did not improvidently exercise its discretion in adjudicating the defendant a persistent felony offender and in imposing sentence accordingly, as the record reveals that the court was aware of the relevant factors and its determination is amply supported by the evidence (*see, People v Jones,* 134 AD2d 451; *People v Drummond,* 104 AD2d 825; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973). Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.