Dwight DOMINICK, Petitioner,

v.

Charles GREINER, Superintendent
of Sing Sing Correctional
Facility, Respondent.

No. 98–CV–6283 (JBW).

United States District Court,
E.D. New York.

May 19, 2003.

Dwight Dominick, pro se.

Morgan J. Dennehy, The Office of the District Attorney, Brooklyn, NY, for Respondent.

WEINSTEIN, Senior District Judge.

The petition for a writ of habeas corpus is denied. A hearing is not necessary. The case can be decided on the papers. This order and judgment briefly addresses petitioner's claims.

Evidence at trial was that a couple, Jack Vincent (a.k.a. "Jack Smith") and Elizabeth Smith, purchased heroin from petitioner, who then put a gun to Vincent's head, demanded money, and took $117 from him. The police were immediately alerted and petitioner was apprehended within minutes. A gun was not found but $117 was recovered from him. During the course of the trial petitioner learned that the $117 had been returned to Vincent by check and that the actual bills allegedly seized had not been preserved by police. At trial the court precluded any testimony about specific bills, the number of bills, and the dollar amount of specific bills recovered from defendant. The trial court also gave an instruction to the jury that the state's failure to preserve the money and produce it in court permitted them to draw an adverse inference against the prosecution.

Petitioner was charged, inter alia, with first degree robbery and fourth degree grand larceny. He was acquitted of the robbery charge and convicted on the grand larceny charge. He received a sentence of 15 years to life on his being adjudged a persistent felony offender. The conviction was affirmed on appeal.

Petitioner claims that (1) the state failed to prove his guilt beyond a reasonable doubt; (2) that the trial court's failure to preclude evidence that $117 was recovered from him upon his arrest violated his constitutional rights; and (3) that the court abused its discretion in sentencing him.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural,

resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir.2002).

## II. Exhaustion

■ A state prisoner's federal habeas petition must be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). "This exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v.*

*Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (en banc).

An exception to the exhaustion requirement set forth in *Rose v. Lundy* has been provided for by statute, though it provides little comfort to prisoners seeking habeas corpus relief. A district court may, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Ramos v. Keane*, No. 98 CIV. 1604, 2000 WL 12142, at *3, 2000 U.S. Dist. LEXIS 101, at *10 (S.D.N.Y.2000) (state's failure to raise exhaustion requirement does not waive the issue).

## III. Procedural Bar

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

## IV. Claims

■ Petitioner first claims that the state failed to prove his guilt beyond a

reasonable doubt. The Appellate Division found that claim to be procedurally defaulted, *People v. Dominick,* 243 A.D.2d 723, 723, 665 N.Y.S.2d 311 (N.Y.App.Div. 1997). This court may not therefore entertain it.

 At any rate, the claim is meritless. The relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence in a state criminal conviction. *Einaugler v. Supreme Court,* 109 F.3d 836, 840 (2d Cir. 1997). Testimony from the complaining witnesses, even though it contained minor inconsistencies with their grand jury testimony concerning where their car was stopped, was credible. That the witnesses were heroin users with criminal histories were facts presented to the jury and were matters of credibility for the jury to evaluate. A reasonable jury evaluating the evidence presented at trial—the victims' descriptions of petitioner holding a gun on them and taking their money, their identifications of petitioner, and the fact that the precise amount that was stolen from them was recovered on petitioner's person almost immediately after the event—could reasonably conclude that the elements of the grand larceny charge were proven beyond a reasonable doubt.

 Petitioner next claims that the trial court's failure to preclude evidence that $117 was recovered from him upon his arrest violated his constitutional rights. For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial.

*United States v. Agurs,* 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The trial court does not appear to have made an evidentiary error. It was unnecessary to suppress evidence that $117 was recovered on petitioner's person at his arrest simply because the bills themselves were not properly preserved for trial. The trial court properly precluded the introduction of evidence concerning the denomination of the bills, and also provided the defense with an adverse inference charge to the jury. With respect to the total amount of money, there was independent corroboration (in the form of a police voucher) that the total amount recovered was $117. The court's ruling did not deny petitioner a fundamentally fair trial.

 Finally, petitioner claims that the trial court abused its discretion in sentencing him. The assertion that a sentencing judge abused his or her discretion in sentencing is ordinarily not a cognizable federal claim subject to review by a habeas court. *See Fielding v. LeFevre,* 548 F.2d 1102, 1109 (2d Cir.1977) (citing *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). A challenge to the term of a sentence does not raise a constitutional issue if the sentence falls within the statutory range. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). Petitioner does not assert that the court's sentence was outside of the statutory range, nor does he offer any compelling argument that his sentence is cruel and unusual.

V. Conclusion

The petition for a writ of habeas corpus is denied. A certificate of appealability is denied since no issue for appeal seems meritorious.

SO ORDERED.