■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWEY BOZELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Vogt, J.), rendered January 9, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated May 8, 1989, this court held the appeal in abeyance and remitted the matter to the County Court, Dutchess County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(People v Bozella,* 150 AD2d 471). After a hearing on that issue, the County Court, Dutchess County (Hillery, J.), submitted its report to this court.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The record of the hearing held on remittitur demonstrates that, when called upon to do so, the Assistant District Attorney who prosecuted the defendant at trial failed to recall and set forth the specific reason or reasons for the exclusion of each of the five black members of the jury panel with respect to whom he exercised peremptory challenges. While the prosecutor was able to state a series of generalized factors which he

claimed to have employed in exercising his challenges, he was unable to relate these factors to this particular case *(see, People v Jenkins,* 145 AD2d 225), and was therefore unable to articulate clear and reasonably specific reasons for the challenges required by *Batson v Kentucky* (476 US 79; *see generally, People v Scott,* 70 NY2d 420; *People v Hale,* 151 AD2d 1013). Inasmuch as the prosecutor's testimony amounted to little more than a denial of discriminatory purpose and a general assertion of good faith *(see, People v Miller,* 144 AD2d 94), the People failed to satisfy their burden of establishing racially neutral explanations for the challenges *(see, e.g., People v Mims,* 149 AD2d 948; *cf., People v Cartier,* 149 AD2d 524; *People v Bessard,* 148 AD2d 49). Accordingly, the hearing court's determination that the People have failed to rebut the defendant's prima facie showing of racial discrimination is amply supported by the record *(see, e.g., People v Lawson,* 145 AD2d 991).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.