■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOVE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 14, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. By order of this court dated October 30, 1989, the case was remitted to the County Court, Nassau County, to hear and report concerning the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(see, People v Dove,* 154 AD2d 705). The County Court (Orenstein, J.), has now complied.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

When this case was initially before us, the defendant argued that the prosecutor's peremptory challenges were racially motivated. In response, the People argued that the matter should be remitted to the County Court to give the prosecutor the opportunity to fully explain his peremptory challenges. This amounted to a concession that a prima facie case of racial discrimination had been made out, and it then fell to the People to explain the basis for the peremptory challenges. The People now argue that the defendant did not establish a prima facie case of racial discrimination at the trial. We reject this argument because it was not made when the case was initially before us.

At the hearing, the prosecutor was unable to recall his specific reasons for challenging four black prospective jurors, and gave only a statement as to his general practice regarding jury selection. As such, his testimony "amounted to little more than a denial of discriminatory purpose and a general assertion of good faith" *(People v Bozella,* 161 AD2d 775, 776) and failed to satisfy the People's burden of overcoming the presumption of discrimination found by this court *(see, People v Bozella, supra; People v Sandy,* 164 AD2d 898; *People v Mims,* 149 AD2d 948). We have considered the defendant's contention regarding the lineup procedure, and find it to be without merit. The defendant's contention regarding his sentence is rendered academic by our determination requiring a new trial. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.