■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN WILLIAMS, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Boklan, J.), rendered March 21, 1985, convicting him of burglary in the second degree under Indictment No. 58971, upon a jury

verdict, and imposing sentence, and (2) a judgment of the same court, also rendered March 21, 1985, convicting him of robbery in the second degree under Indictment No. 58969, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

On the instant appeal, the defendant claims that the trial court should have granted his motion for a mistrial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner in violation of the principle enunciated by the United States Supreme Court in *Batson v Kentucky* (476 US 79). We disagree. Although the defendant made a prima facie showing of discrimination in selection of the petit jury, the prosecutor came forward, albeit in a somewhat tardy fashion, and satisfied his burden of rebuttal with race neutral explanations, including, *inter alia,* jurors' employment histories and their recent experiences as crime victims *(see, People v Howard,* 143 AD2d 943; *People v Baysden,* 128 AD2d 795; *People v Cartagena,* 128 AD2d 797). The United States Supreme Court has held that a finding by a trial court such as was made in the case at bar, that the prosecutor did not engage in "purposeful discrimination" *(Batson v Kentucky, supra,* at 98) in selecting a petit jury, is entitled to "appropriate deference by a reviewing court" *(Batson v Kentucky, supra,* at 98, n 21). Mangano, P. J., Kooper and Balletta, JJ., concur.

Harwood, J., dissents and votes to reverse the judgments appealed from and to remit the matters to the County Court, Nassau County, for further proceedings on the indictments, with the following memorandum: In response to defendant's motion for a mistrial, made at the conclusion of the first day of jury selection and premised on the theory that peremptory challenges were exercised in a racially discriminatory manner, the prosecutor justified the challenges based upon a "gut feeling" that the three potential black jurors then challenged would not make good jurors, although he also posited that he had no "specific recollection of why I failed to choose any number of jurors" and urged that "it has nothing to do with race". On the following day, when the prosecutor peremptorily challenged the only other black person who was part of the array and the defendant renewed his motion for a mistrial, the prosecutor proffered as justification for all of his challenges the rationales, e.g., that several of the potential black jurors were related to law enforcement officials and had been the victims of crimes, that one was a church organist who

would be "too sympathetic * * * to either side", and that another was a retired "salesgirl" who lived in a high crime area and who "might not have the mental acuity to pay attention to a close charge".

The majority and I agree that the defendant has made a prima facie showing of impermissible discrimination in jury selection, thus shifting to the prosecution the burden (see, Batson v Kentucky, 476 US 79) of demonstrating that racially neutral reasons were the bases for the challenges (see, Batson v Kentucky, supra; see also, e.g., People v Dove, 172 AD2d 768; People v Sandy, 164 AD2d 898; People v Bozella, 161 AD2d 775; People v Mims, 149 AD2d 948). The majority and I do not agree, however, as to whether the prosecutor overcame the presumption of discrimination extant here.

"Intuitive judgment", assertions of "good faith", and mere denials of discriminatory motive (see, Batson v Kentucky, supra, at 97) do not constitute the articulate, specific and neutral explanations necessary to justify presumptively discriminatory challenges (Batson v Kentucky, supra). Moreover, we have repeatedly failed to accept "inability to recall" as an appropriate justification (see, e.g., People v Dove, supra; People v Sandy, supra). Thus, the defendant's motion for a mistrial should have been granted when it was first made. It is also my view that the after-the-fact rationalizations advanced by the prosecutor on the defendant's renewed motion for a mistrial— many of which are more traditionally grounds for challenge by the defense—do nothing to dispel either the presumption of discrimination or the effects of the earlier failures to "recall". To accept the explanations ultimately proffered is to render "vain and illusory" (Batson v Kentucky, supra, at 98) the requirement that peremptory challenges be premised on something other than impermissible, discriminatory assumptions. I therefore vote to reverse.