■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO SUAREZ, Appellant.—Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered March 2, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of from 5 to 10 years, unanimously affirmed.

We find no merit to defendant's equal protection claim alleging that the prosecutor discriminately exercised her peremptory challenges as to prospective jurors with Hispanic surnames. The prosecutor provided racially neutral reasons for the exercise of her peremptory challenges *(see generally, People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 114 L Ed 2d 395). Notably, the prosecutor's explanations, which plainly amounted to more than mere general denials of discriminatory motive or assertions of good faith *(see, Batson v Kentucky,* 476 US 79), were not further controverted by the defense, nor was a more elaborate explanation called for by the Trial Judge—who presided at the *voir dire* and reviewed the *voir dire* transcript prior to denying defendant's *Batson* motion.

Defendant's claim that he was denied due process by the court's alleged inadequate response to the jury question of whether "profit in any form constituted sale[] or agency" is unpreserved. In any event, defendant's claim does not warrant interest of justice review, as we find the trial court fashioned a meaningful response to the jury's question by explaining that there was "no specific legal formula" to apply, and that the jury should consider circumstances of the particular case, including such factors as the nature of the "payment" made, to whom it was made, and whether a benefit was received in drugs or money *(see generally, People v Steinberg,* 170 AD2d 50). Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.