arrest *(see, People v Blunt,* 162 AD2d 544; *People v Bero,* 139 AD2d 581; *People v Phillips,* 120 AD2d 621; *see also, People v Hicks,* 38 NY2d 90, 94), and a police officer may act upon such a report *(see, People v Hicks, supra; People v Ward,* 95 AD2d 233). The record reveals that the defendant's companion Wanda Sullivan informed Officer O'Donnell that the defendant had drugs in a jacket hanging in the back of a nearby automobile. Further, the officer's observation of such a jacket in the vehicle confirmed Sullivan's statement *(see, People v Hairston,* 144 AD2d 383). Under these circumstances, Sullivan's statement that there were drugs in the defendant's jacket provided the officer with probable cause to conduct a reasonable search for the narcotics *(see, People v Hairston, supra; People v Ward, supra).* Moreover, in view of the circumstances, the search of the defendant's jacket was justified by exigent circumstances *(cf., People v Gokey,* 60 NY2d 309; *People v Smith,* 59 NY2d 454). It would have been unreasonable for Officer O'Donnell, who was then alone and unable to use a radio to call for assistance, to have left the scene with the defendant, leaving on the street an unlocked car allegedly containing narcotics, which fact was known to the crowd that had gathered on the street.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BLUNT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered November 9, 1987, convicting him of assault in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. By opinion and order of this court dated October 22, 1990, the case was remitted to the

County Court, Nassau County, to hear and report concerning the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(see, People v Blunt,* 162 AD2d 86). The County Court has now complied.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

At the *Batson* hearing *(Batson v Kentucky,* 476 US 79), the prosecutor was unable to recall his specific reasons for peremptorily striking all but two of 11 female prospective jurors. He provided a statement as to his general practice regarding jury selection, which he was unable to relate to this particular case, and simply denied any discriminatory intent in the exercise of peremptory challenges. At the trial, he had admitted that he was seeking to secure a gender-balanced jury in the face of a venire which he believed to be predominantly female.

Inasmuch as the prosecutor's testimony "amounted to little more than a denial of discriminatory purpose and a general assertion of good faith" *(People v Bozella,* 161 AD2d 775, 776), the People failed to satisfy their burden of overcoming the presumption of discrimination found by this court *(see, People v Dove,* 172 AD2d 768; *People v Sandy,* 164 AD2d 898; *People v Bozella, supra).*

The defendant's claim regarding the sufficiency of the evidence in support of his conviction of assault in the first degree is unavailing. By failing to assert the claims in support of his argument for dismissal of this count of the indictment with specificity before the trial court, the defendant failed to preserve it for appellate review *(see, People v Colavito,* 70 NY2d 996; *People v Udzinski,* 146 AD2d 245). In any event, the victim's testimony regarding the prolonged pain which she endured in her head, back, arm, and ear as a result of the beating she suffered at the hands of the defendant, continuing through the time of trial, which was over a year after the incident, combined with her inability to bend as she once had or to sleep through the night, was sufficient to establish that she sustained "protracted impairment of health" within the meaning of Penal Law § 10.00 (10), and supported a finding by the jury of serious physical injury *(see, People v Kern,* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.