■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLIVO, Appellant. [622 NYS2d 581] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 21, 1993, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his prior conviction in New Jersey for distribution of a controlled dangerous substance *(see,* NJ Stat Annot § 24:21-19 [A] [a] [1]) could not serve as a predicate felony in New York is without merit *(see, People v Martinez,* 196 AD2d 849). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE REID, Appellant. [622 NYS2d 753] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 5, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During jury selection, the prosecutor exercised peremptory challenges to strike two black panelists. The defense counsel raised a challenge under *Batson v Kentucky* (476 US 79), and the court directed the prosecutor to provide a race-neutral explanation for the peremptory challenges. The prosecutor failed to satisfy the People's burden of overcoming the presumption of discrimination found by the court *(see also, People v Blunt,* 176 AD2d 741; *People v Suarez,* 176 AD2d 210). Indeed, the prosecutor merely claimed that as a black individual she was very sensitive to the issue of racial discrimination. The prosecutor's testimony "amounted to little more than a denial of discriminatory purpose and a general assertion of good faith" *(People v Bozella,* 161 AD2d 775, 776). Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.