■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS WILSON, Appellant. [902 NYS2d 41]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered January 31, 2007, convicting defendant, after a jury trial, of coercion in the first degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, reversed, on the law, and the matter remanded for a new trial.

Defendant appeals from a conviction of coercion in the first degree stemming from his alleged physical and sexual abuse of his girlfriend. When the case was initially before us, we held that the prosecutor's use of his peremptory challenges (five), at the end of the first round of jury selection, all against men, established a prima facie case of gender discrimination, requiring the prosecutor to give neutral explanations for those challenges (*People v Wilson*, 65 AD3d 956 [2009]). This Court held the appeal in abeyance, and remanded the matter to Supreme Court to hold an evidentiary hearing concerning whether the prosecutor exercised his peremptory challenges in accordance with *Batson v Kentucky* (476 US 79 [1986]).

Thereafter, on November 20, 2009, Supreme Court held the required *Batson* hearing. After reviewing the notes taken contemporaneously with the exercise of his peremptory challenges, the prosecutor proffered reasons for four of the five prospective male jurors in question. He explained that because he preferred jurors with a college education, he peremptorily challenged two prospective male jurors who "had not progressed beyond high school." He peremptorily challenged a third prospective male juror who had reported being involved in a contentious landlord and tenant dispute. The prosecutor peremptorily challenged a fourth prospective male juror because he had expressed strong animus toward lawyers. The prosecutor, however, had no recollection of the reason he exercised a peremptory challenge against a fifth prospective male juror. Nor did the prosecutor's contemporaneous notes contain any information about this prospective male juror which may have helped him refresh his recollection on the subject.

By a decision and order dated March 10, 2010, Supreme Court found that the prosecutor provided gender neutral reasons for the exercise of peremptory challenges for "three of the four male jurors who [were] the subject of the hearing." However, as fully detailed above, the prosecutor in fact provided explanations for four of the five male prospective jurors in question. The one prospective male juror overlooked by Supreme Court in its decision was peremptorily challenged by the prosecutor because "he had not progressed beyond high school." This is the same explanation proffered by the prosecutor for peremptorily challenging another prospective male juror and which Supreme Court found in its decision to be a gender neutral explanation. Ultimately, Supreme Court did not proceed to step three of the *Batson* analysis because it found that "a failure of memory signifies that the party who struck the juror has not met his or her burden of providing a neutral explanation" for that prospective male juror.

We agree with Supreme Court. When the prosecutor was unable to recall why he had exercised a peremptory challenge against one of the five prospective male jurors in question, he, in essence, failed to provide any justification for this exclusion (*see People v Davis*, 253 AD2d 634 [1998]; *People v Dove*, 172 AD2d 768 [1991], *lv denied* 78 NY2d 1075 [1991]; *People v Sandy*, 164 AD2d 898 [1990]; *People v Bozella*, 161 AD2d 775, 776 [1990]; *People v Mims*, 149 AD2d 948 [1989], *lv denied* 74 NY2d 744 [1989], *lv dismissed* 76 NY2d 792 [1990]). Unable to offer a gender neutral explanation for challenging the subject prospective male juror, the prosecutor failed to meet his burden of overcoming the presumption of discrimination found by this Court (*People v Allen*, 86 NY2d 101, 109 [1995]).

Contrary to the prosecutor's allegations, it is of no moment that he provided putative gender neutral explanations as to the other four prospective male jurors. Because the exclusion of even a single juror on gender grounds is constitutionally forbidden (*see People v Allen*, 86 NY2d 101 [1995]; *People v Stephens*, 84 NY2d 990 [1994]), defendant has sustained his *Batson* claim and a new trial must be ordered (*see People v Irizarry*, 165 AD2d 715 [1990] [*Batson* violation occurred based upon gender discrimination where the trial court found that the prosecutor satisfactorily explained the challenges to seven out of nine prospective women jurors]; *People v Blunt*, 176 AD2d 741 [1991]; *cf. People v Jenkins*, 75 NY2d 550, 558-559 [1990] ["For the purposes of equal protection, the constitutional violation is the exclusion of *any* blacks solely because of their race"]).

In light of our reversal on this ground and remand for a new trial, we do not address defendant's remaining claims, except that we find the verdict was not against the weight of the evidence. Concur—Moskowitz, Renwick and Freedman, JJ.

Gonzalez, P.J., and Friedman, J., dissent in a memorandum by Gonzalez, P.J., as follows: I dissent. Nothing in the majority's decision alters my position, articulated in the prior appeal of this case (*see People v Wilson*, 65 AD3d 956 [2009]), that the defense did not meet its initial burden of establishing a prima facie case of discriminatory exercise of peremptory challenges pursuant to the dictates of *Batson v Kentucky* (476 US 79, 96-98 [1986]). I recognize that the failure to recall the basis for a challenge does not constitute a neutral explanation therefor. However, I would affirm the conviction on the ground that there was no record basis to reopen the *Batson* application.