■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MACK, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered December 26, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; findings of fact have been considered and are determined to have been established.

The defendant, a black man, contends that he was denied a fair trial due to the prosecutor's racially motivated peremptory challenges, which excluded all of the black jurors interviewed at the voir dire, and resulted in his trial before an all-white jury. We agree.

To establish a prima facie case of "purposeful discrimination" in the selection of trial jurors, a defendant must show that he is a member of a racial group capable of being singled out for differential treatment and that members of his race were peremptorily excluded by the prosecutor during the selection of the petit jury *(Batson v Kentucky,* 476 US 79, 96). Additionally, the defendant must establish that the accompanying facts and relevant circumstances give rise to an inference that the prosecutor's peremptory challenges were racially motivated *(Batson v Kentucky, supra,* at 96). Having undertaken a " 'sensitive inquiry' " into the relevant direct and circumstantial evidence, we find that the defendant established his prima facie case *(see, Batson v Kentucky, supra,* at 93, quoting from *Arlington Hgts. v Metropolitan Hous. Corp.,*

429 US 252, 262; *see, People v Scott*, 70 NY2d 420). Notably, in addition to the fact all four prospective black jurors were peremptorily challenged by the People, to which the defendant raised timely objections, "none of [these] jurors exhibited signs of bias favoring [the] defendant. To the contrary, their backgrounds and knowledge of the case suggested that any bias they might have would favor the prosecution" *(People v Scott, supra,* at 425).

Accordingly, the burden fell upon the People to offer racially neutral reasons for the exercise of the contested peremptory challenges. As to one potential juror, the prosecutor merely stated that his decision to challenge this juror had nothing to do with his race. However, this general denial of racial bias was insufficient to rebut the defendant's prima facie showing, as acceptance of such a nonreason would render the Equal Protection Clause " 'a vain and illusory requirement' " *(Batson v Kentucky, supra,* at 98, quoting from *Norris v Alabama,* 294 US 587, 598). Further, as to the other three potential jurors, we find that the prosecutor's explanations were similarly insufficient to rebut the defendant's claim of discrimination *(cf., People v Bridget,* 139 AD2d 587; *People v Baysden,* 128 AD2d 795, *lv denied* 70 NY2d 798; *People v Cartagena,* 128 AD2d 797, *lv denied* 70 NY2d 798).

Therefore, reversal of the judgment is warranted "without regard to the quantum or quality of the proof of * * * guilt" *(People v Thompson,* 79 AD2d 87, 111, *appeal withdrawn* 55 NY2d 879).

In light of our determination that there should be a new trial, a brief discussion of one other issue raised by the defendant is warranted. The charges against the defendant arose out of two sales of cocaine to an undercover police officer. Over defense objection, this officer was permitted to testify that in between the two consummated drug sales, the defendant had allegedly arranged with the officer for another sale of drugs, which never occurred because the defendant had purportedly sold all of the cocaine he had prior to the time set for the sale. Contrary to the People's contention, evidence of this aborted drug sale was not so "inextricably interwoven" with the crimes charged in the indictment that the value of the evidence clearly outweighed any possible prejudice *(cf., People v Vails,* 43 NY2d 364, 368-369). Further, reference to the aborted drug sale was neither necessary nor admissible on the issue of the defendant's intent to sell drugs on the two occasions charged in the indictment *(see, People v Crandall,* 67 NY2d 111; *see also, People v Alvino,* 71 NY2d 233, 246-247).

Accordingly, this testimony should have been excluded by the trial court.

We have considered the other contentions raised by the defendant and find them to be without merit. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.