◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO HASSELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered August 9, 1985, convicting him of attempted rape in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the County Court, Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim; the County Court is to file its report with all convenient speed.

The defendant claims that the prosecution's use of its peremptory challenges to systematically exclude black venirepersons from the jury violated his rights under both the Sixth and Fourteenth Amendments *(see, Batson v Kentucky,* 476 US 79; *Griffith v Kentucky,* 479 US 314; *McCray v Abrams,* 750 F2d 1113).

After jury selection had been completed, during which the prosecutor exercised 7 peremptory challenges, 2 directed at black venirepersons, the defense counsel moved for a mistrial "on the ground that the District Attorney has arbitrarily and improperly used his peremptory challenges to exclude each and every black person who was examined". He explained: "The defendant is black and this shows a pattern on the part of the District Attorney of Nassau County. As recently as

\* \* \* March of [1985] the District Attorney of Nassau County did the same thing in the indictment of the People versus Eric Baysden; *and that's the argument"* (emphasis added). The court observed that of the 6 black venirepersons, 4 had been excused on their request and the remaining 2 were peremptorily struck by the prosecutor, and denied the application. The motion was renewed after the verdict and was again denied.

Under the circumstances, the defendant made out a prima facie case of racial discrimination *(see, Batson v Kentucky, supra)*. Although *Batson v Kentucky (supra)* was not yet decided when this case was tried, it must be given retroactive application *(see, Griffith v Kentucky, supra)*. Accordingly, the matter is remitted for an evidentiary hearing, during which time the appeal from the judgment of conviction will be held in abeyance *(see, People v Howard,* 128 AD2d 804; *People v Gregory ZZ.,* 134 AD2d 814; *People v Knight,* 134 AD2d 845; *People v Lawson,* 136 AD2d 929; *People v Mims,* 140 AD2d 929). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.