■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered April 7, 1986, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with both the defendant's contention and the People's concession that a prima facie showing of a violation of Batson v Kentucky (476 US 79) has been established by the defendant (see, People v Scott, 70 NY2d 420), as there are sufficient inferences which may be drawn from the record to warrant the conclusion that the prosecutor may have utilized his peremptory challenges to remove venire members of the defendant's race from the jury (see also, People v Mack, 143 AD2d 280; People v James, 132 AD2d 932; People v Howard, 128 AD2d 804). Under the circumstances, the prosecution had the burden of coming forward with a neutral explanation for the use of its challenges (Batson v Kentucky, supra; People v Mack, supra). Generally a hearing is required where, as here, there is no explanation of the challenges on the record (see,

*e.g., People v Howard, supra)*. However, the People concede in their brief on appeal that if a hearing were to be held they would be unable to offer any explanation for the prosecutor's challenges and that a new trial is warranted under the circumstances of this case. Accordingly, a new trial is ordered.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.