■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOVE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 14, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the County Court, Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim. The County Court is to file its report with all convenient speed.

We find merit to the defendant's contention that the prosecutor's use of peremptory challenges to strike the only four black venirepersons from the jury was sufficient to establish a prima facie case of racial discrimination in jury selection (see, Batson v Kentucky, 476 US 79; People v Scott, 70 NY2d 420; People v Jackson, 152 AD2d 706; People v Mack, 143 AD2d 280; cf., People v Malbon, 144 AD2d 698). Under the circumstances, the prosecutor must articulate racially neutral explanations for the exclusion of these individuals (see, People v Sandy, 150 AD2d 625; People v Hassell, 149 AD2d 530; People v Howard, 128 AD2d 804). Accordingly, the matter is remitted for an evidentiary hearing during which time the appeal from the judgment of conviction is held in abeyance (see, People v Howard, supra; People v Lincoln, 145 AD2d 924). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.