■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EPPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 3, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

The defendant established a prima facie case of purposeful discrimination in jury selection by the prosecutor, who exercised 50% of her peremptory challenges to strike seven of nine available prospective black jurors from the panel of approximately 46 venirepersons (see, People v Jenkins, 75 NY2d 550; People v Dove, 154 AD2d 705; People v Sandy, 150 AD2d 625; People v Hassell, 149 AD2d 530). That the jury, as finally constituted, included two black jurors, is of no avail to the People. As the Court of Appeals recently declared in People v Jenkins (supra, at 559): "For the purposes of equal protection, the constitutional violation is the exclusion of any blacks solely because of their race. If any blacks are so excluded, it is of no moment that the jury nevertheless contains a token number of blacks". Under the circumstances, the prosecutor must articulate racially neutral explanations for the exclusion of these individuals (see, People v Jenkins, supra; People v Dove, supra). Accordingly, the matter is remitted for an evidentiary hearing during which time the appeal from the judgment of conviction is held in abeyance (see,

*People v Dove, supra; People v Howard,* 128 AD2d 804). Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.