THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT BLUNT, Appellant.

Second Department, October 22, 1990

## APPEARANCES OF COUNSEL

*Matthew Muraskin (Kent V. Moston* and *Stephanie M. Carv-lin* of counsel), for appellant.

*Denis Dillon, District Attorney (Bruce E. Whitney* and *Lisa J. Becker* of counsel), for respondent.

## OPINION OF THE COURT

SULLIVAN, J.

On this appeal, we are called upon to decide whether the prosecutor's exercise of peremptory challenges, allegedly based on gender, may have violated the defendant's rights under *Batson v Kentucky* (476 US 79) and *People v Kern* (75 NY2d 638). For the reasons that follow, we hold that a prima facie case of improper discrimination has been made.

After the first round of jury selection, the prosecutor exercised six peremptory challenges. Two of those peremptory challenges were exercised against black women, whom the prosecutor had previously unsuccessfully challenged for cause.

The defense counsel called the court's attention to the fact that the prosecutor had exercised his peremptory challenges against the only two prospective black jurors, and the prosecutor responded: "Your Honor, first of all, I would like the record to reflect that [the two black prosecutive jurors] are two of the six women whom I challenged. While I am not suggesting that I am systematically and categorically excluding women from the jury, I would like the record to reflect that I have looked at the panel in the rear. Quite frankly, based upon my prior experiences with [the defense counsel] and the types of juries that I think he attempts to secure, that I am making a concerted effort to have a balanced jury. And my concern at this point is to insure that there is a balance including sufficient males on this jury".

The defense counsel then broadened his claim of discrimination in the use of peremptory challenges to include gender as well as race. The court found that the prosecutor had racially

neutral reasons for peremptorily challenging the two black women, but did not inquire as to the prosecutor's reasons for exercising peremptory challenges against four other white women. When the 12 jurors and 2 alternates had been selected, the defense counsel pointed out that the prosecutor had exercised 12 peremptory challenges, 11 of them against women. The prosecutor pointed out that the jury consisted of 8 men and 4 women.

On this appeal, the defendant contends, *inter alia,* that the prosecutor's use of peremptory challenges to secure a gender-balanced jury violated his rights under the Federal and State Constitutions (US Const, 6th, 14th Amends; ·NY Const, art I, §§ 1, 2, 11). While it is well established that the prosecutor's use of peremptory challenges to discriminate based on race violates both the Federal and State Constitutions *(see, Batson v Kentucky,* 476 US 79, *supra; People v Scott,* 70 NY2d 420; *People v Hernandez,* 75 NY2d 350; *People v Kern,* 75 NY2d 638, *supra),* the question of the use of peremptory challenges to discriminate based on gender is relatively novel *(see, People v Irizarry,* — AD2d — [1st Dept, Sept. 18, 1990]).

In *Holland v Illinois* (493 US —, 110 S Ct 803), the United States Supreme Court held that the Sixth Amendment right to the "fair possibility" of a representative jury extends only to the selection of the venire and does not extend to the use of peremptory challenges. The Equal Protection Clause of the Fourteenth Amendment, upon which *Batson* is based, has not been extended to cases other than those involving allegations of racial discrimination in the exercise of peremptory challenges *(see, United States v Hamilton,* 850 F2d 1038, 1042-1043, *cert denied* — US —, 110 S Ct 1109).

Of great significance is the recent decision of the Court of Appeals in *People v Kern (supra),* which held that the use of peremptory challenges by defense attorneys for racially discriminatory purposes violates the Equal Protection Clause of our State Constitution (NY Const, art I, § 11) which provides: "No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state".

Clearly, the right to serve on juries is a privilege of citizenship under NY Constitution, article I, § 1 *(People v Kern,*

*supra,* at 652). It is also a civil right as set forth in Civil Rights Law § 13, which states: "No citizen of the state possessing all other qualifications which are or may be required or prescribed by law, shall be disqualified to serve as a * * * petit juror in any court of this state on account of * * * sex".

To paraphrase the language of Judge Alexander in writing for a unanimous Court of Appeals in *People v Kern (supra),* a citizen's privilege to be free from gender-based discrimination in the qualification for jury service is hardly a privilege if that individual may nevertheless be kept from service on the petit jury solely because of gender. This privilege of citizenship may not be denied our citizens solely on the basis of their gender.

█ We also reject the People's contention that the defendant has no standing to assert this claim of gender bias since he is not a member of the excluded class. It should be noted that in *Holland v Illinois (supra)* various opinions in dicta indicate that a majority of the Justices are of the view that a defendant need not be a member of the excluded group in order to have standing to assert an equal protection argument. Similarly, the defendant has standing under our State Constitution *(see, People v Kern, supra,* at 654, n 3).

Having determined that the exercise of peremptory challenges based solely on gender violates the Equal Protection Clause of our State Constitution and the Civil Rights Law, we turn now to the question of whether or not the defense established a prima facie case of discrimination. In order to establish such a prima facie case, the defendant must show (1) that the prosecutor exercised peremptory challenges to remove members of a particular gender from the jury, and (2) facts and circumstances sufficient to raise an inference that the prosecutor used these challenges to exclude persons solely because of their gender *(see generally, Batson v Kentucky, supra,* at 96-98; *People v Scott, supra,* at 423; *People v Jenkins,* 75 NY2d 550, 555-556). A pattern of strikes against a cognizable class of jurors in a particular venire might give rise to an inference of discrimination *(see, Batson v Kentucky, supra),* since "peremptory challenges permit discrimination by those inclined to discriminate" *(People v Scott, supra,* at 423).

█ The facts in this case do establish a prima facie case of such a pattern of strikes. The prosecutor used 12 peremptory challenges, 11 of which were used to strike women from the venire and only 1 of which was used to strike a man. Such a distinct imbalance in the exercise of peremptory challenges

raises an inference that the prosecutor impermissibly measured prospective female jurors by an unconstitutional standard, specifically their gender (see, People v Jenkins, supra, at 556). This prima facie case of the discriminatory use of peremptory challenges is not diminished by the fact that the defense peremptorily challenged two women and that the jury finally sworn consisted of 8 men and 4 women. These arguments were expressly rejected in People v Jenkins (supra, at 557-559). Judge Alexander disposed of these claims succinctly: "For the purposes of equal protection, the constitutional violation is the exclusion of any blacks solely because of their race. If any blacks are so excluded, it is of no moment that the jury nevertheless contains a token number of blacks" (People v Jenkins, supra, at 559). There is no basis in common sense or logic to adopt any other rationale simply because the discriminatory use of peremptory challenges is based on gender rather than race.

Since the defendant established a prima facie case of gender-based discrimination in the exercise of peremptory challenges, the trial court should have required the prosecutor to come forward with gender-neutral reasons for the exclusion of these women (see, People v Jenkins, supra; People v Dove, 154 AD2d 705; People v Epps, 163 AD2d 325). Accordingly, the matter is remitted to the County Court, Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim (see, People v Giles, 73 NY2d 666, 671; People v Jenkins, supra; People v Dove, supra; People v Howard, 128 AD2d 804; People v Epps, supra). The County Court shall file its report with all convenient speed.

KUNZEMAN, J. P., KOOPER and O'BRIEN, JJ., concur.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal is held in abeyance in the interim; the County Court shall file its report with all convenient speed.