■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McARTHUR, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered May 4, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The charges against the defendant arose out of two sales of cocaine to an undercover police officer, several days apart. The defendant was never charged with the first sale, yet the videotape of that sale was played for the jury on two separate occasions, over the defense counsel's objection. In addition, the undercover police officer was permitted to testify as to the first uncharged sale, as were three detectives who observed the defendant and the undercover officer from a nearby unmarked truck.

Contrary to the People's contention, evidence of the prior uncharged sale was not so "inextricably interwoven" *(People v Crandall,* 67 NY2d 111, 116) with the crimes charged in the indictment that the value of the evidence clearly outweighed any possible prejudice to the defendant *(see, People v Mack,* 143 AD2d 280, 281). It is apparent from the record that the second sale was not the product of ongoing bargaining between the defendant and the undercover officer, nor was it necessary to understand the officer's subsequent testimony with respect to the second sale *(see, People v Bowden,* 157 AD2d 789, 790). Furthermore, the evidence of the prior uncharged crime which was offered at bar was merely cumulative and demonstrated only the defendant's bad character or propensity towards crime *(see, People v Lewis,* 69 NY2d 321, 325; *People v Ventimiglia,* 52 NY2d 350, 361). The error cannot be deemed harmless since the evidence of the uncharged crime was so pervasive and there is every possibility that it diverted the attention of the jury from the actual crimes charged *(see, People v Harris,* 150 AD2d 723, 726).

In view of the foregoing, it is not necessary to consider the defendant's remaining contentions. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.