■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EPPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 3, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. By decision and order dated July 2, 1990, this court remitted the matter to the Supreme Court, Kings County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(People v Epps,* 163 AD2d 325). The Supreme Court, Kings County, has now complied.

Ordered that Justice Thompson has been substituted for former Justice Rubin *(see,* 22 NYCRR 670.1 [c]); and it is further,

Ordered that the judgment is affirmed.

At the outset of the *Batson* hearing, the prosecutor explained that she sought jurors who satisfied a profile of the ideal juror tailored to this case, *i.e.,* jurors who were over 30 years old, were or had been married, had children, were or had been steadily employed, were relatively educated or intelligent, were not familiar with the scene of the crime or the scene of the arrest, and who had strong community ties *(see, People v Cartier,* 149 AD2d 524, *cert denied* 495 US 906; *People v Howard,* 143 AD2d 943; *People v Bridget,* 139 AD2d 587; *People v Gregory ZZ.,* 134 AD2d 814). Refreshing her recollection of the jury selection process with her notes of the voir dire, the trial transcript and certain computer sheets reflecting the jurors' biographical data, the prosecutor explained in detail why certain jurors were acceptable to her while others, predominantly those who did not possess the characteristics embodied by her profile, which was applied consistently across racial lines, were not and were, accordingly, peremptorily challenged. In view of the hearing testimony, we agree with the Supreme Court's determination that the prosecutor satisfied her ultimate burden of rebutting the prima facie case of purposeful discrimination in jury selection by articulating clear, specific, and racially neutral explanations for the exercise of her peremptory challenges.

We perceive of no basis upon which to modify the sentence imposed.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Kunzeman, Lawrence and Rosenblatt, JJ., concur.