■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. KAPLAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorpe, J.), rendered June 9, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution discriminatorily exercised its peremptory challenges to exclude two potential jurors with Jewish-sounding names and two potential alternate jurors who were black. In each of the four instances, at the request of the defense counsel, the Trial Judge asked the prosecutor for an explanation and thereafter allowed the peremptory challenges to stand. A Trial Judge's determination that peremptory challenges are legitimate is entitled to great deference, as the Trial Judge is in a position to observe the conduct and answers of the jurors in question (see, People v Hernandez, 75 NY2d 350, affd 500 US —, 111 S Ct 1859). We find that the record supports the Trial Judge's determination that the prosecution met its burden of providing an articulable race-neutral explanation for having excused these jurors (see, People v Hernandez, supra; Batson v Kentucky, 476 US 79).

The defendant next contends that the court erred in precluding a prospective defense witness from testifying. We find that the court's ruling was proper as the defense counsel's offer of proof established that the testimony of the proposed witness was collateral to the question of the defendant's guilt and was offered solely to impeach the credibility of a prosecution witness (see, People v O'Connor, 154 AD2d 626; People v Johnson, 143 AD2d 847; see generally, People v Pavao, 59 NY2d 282).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.