■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. ALLEN, Appellant. [605 NYS2d 503] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 19, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree (two counts), sexual abuse in the first degree, endangering the welfare of a child (two counts), rape in the second degree and incest.

Defendant's contentions, other than those relating to his motion for a mistrial on the ground of improper use of peremptory challenges, are either substantively meritless or directed at trial errors which, even assuming they occurred, were harmless at best. County Court's treatment of the mistrial motion, however, prompts us to remit this matter for further consideration.

After the jury was selected and sworn, but before opening statements were made, defendant orally moved for a mistrial claiming that the prosecutor had exercised her peremptory challenges in a discriminatory fashion by using 14 of her 15 available challenges to exclude men solely because of their gender. County Court denied defendant's motion without giving the People—who in response to the motion declared they were ready to do so—an opportunity to demonstrate a gender-neutral reason for each of the strikes.

A prosecutor is not at liberty to exercise peremptory challenges "in contravention of the Equal Protection Clause" of the US Constitution (*Batson v Kentucky,* 476 US 79, 91). Under that clause, discrimination based on gender is tolerable

only to the extent that it serves "important governmental objectives" and is "substantially related to achievement of those objectives" *(Craig v Boren,* 429 US 190, 197; *People v Liberta,* 64 NY2d 152, 170, *cert denied* 471 US 1020).

Peremptory challenges are viewed as a necessary means of insuring the selection of a fair and impartial jury. However, exclusion of a juror solely because of gender is, by its very nature, not related to a person's fitness to serve and to render a fair verdict *(see, United States v De Gross,* 960 F2d 1433, 1439 [en banc]). Gender-based discrimination has no more place in the selection of a jury than does discrimination on the basis of race for such procedure, if condoned, similarly serves to "undermine public confidence in the fairness of our system of justice" *(Batson v Kentucky, supra,* at 87) and to "impair[ ] the integrity of the criminal trial process" *(People v Kern,* 75 NY2d 638, 652, *cert denied* 498 US 824). For these reasons, we incline to the view that the exercise of peremptory challenges solely on the basis of gender is impermissible under the Equal Protection Clause, and join with the First and Second Departments *(see, People v Irizarry,* 165 AD2d 715, 716; *People v Blunt,* 162 AD2d 86, 89) in holding that claims of gender discrimination in the course of jury selection must be evaluated in accordance with the procedure articulated in *Batson v Kentucky (supra).*

Although the record contains no indication as to the number of males and females actually questioned as prospective jurors, and there is conflict as to the exact makeup of the jury pool, County Court, after inquiring of the Jury Commissioner, noted that males comprised 51% of the venire. In these circumstances, the pattern evidenced by the prosecution's use of more than 90% of its peremptory challenges to strike males is sufficient to establish a prima facie case of discrimination on the basis of gender, and to shift the burden to the People to come forth with nondiscriminatory explanations for their challenges *(see, Batson v Kentucky, supra,* at 97; *People v Bolling,* 79 NY2d 317, 324; *People v Doran,* 195 AD2d 364; *People v Epps,* 163 AD2d 325).

Inasmuch as the People, despite having announced that they were prepared to do so, were not accorded an opportunity to provide gender-neutral reasons for the peremptory challenges they exercised, the case must be remitted for a hearing to afford the People that opportunity *(see, People v Jenkins,* 75 NY2d 550, 559-560; *People v Dove,* 154 AD2d 705), during which time the appeal from the judgment of conviction will be held in abeyance.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.