■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH RIOS, Appellant. [607 NYS2d 469] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered September 30, 1992, upon a verdict

convicting defendant of four counts of the crime of burglary in the first degree.

The primary issue raised on this appeal is whether the People offered a sufficiently nonpretextual race-neutral explanation for a peremptory challenge made during the trial of this case. During the voir dire, a black female prospective juror was questioned by County Court. During that questioning she indicated that her prior Grand Jury experience would influence her in her deliberations in the instant case. When County Court advised that such considerations would disqualify her from sitting as a juror, she indicated a misunderstanding of the court's inquiries. The colloquy began anew and the prospective juror then proclaimed that her prior Grand Jury experience would not influence her deliberations and that she could fairly and impartially determine the issues. The People then exercised a peremptory challenge and defendant claimed a *Batson* violation *(see, Batson v Kentucky,* 476 US 79). County Court found that defendant had established a prima facie showing of unlawful discrimination and required the People to proffer a nonpretextual race-neutral explanation for the peremptory challenge. In response, the District Attorney asserted that the colloquy between the prospective juror and the court raised "some doubt as to whether or not she could actually follow the promise that she made to [the court] at the end to follow [the] charges fairly to both parties". Additionally, the District Attorney asserted that the prospective juror did not satisfy a profile of the type of juror tailored to this case and that he was seeking a more gender-balanced jury due to the fact that defense counsel was exercising peremptory challenges directed at prospective male jurors.

From our review of the record, we cannot say that the People did not articulate and apply on a fairly consistent basis a jury profile that was both racially and gender neutral *(see, People v Epps,* 176 AD2d 293, *lv denied* 78 NY2d 1127; *People v Gregory ZZ.,* 134 AD2d 814, *lv denied* 71 NY2d 905), and although the District Attorney's effort to obtain gender balance would undoubtedly constitute a *Batson* violation *(see, United States v De Gross,* 960 F2d 1433), his challenge was not motivated solely for discriminatory purposes *(see, Batson v Kentucky, supra; People v Bolling,* 79 NY2d 317). Indeed, his first articulated reason for the challenge was his concern over the juror's response to the court concerning her prior Grand Jury experience and the fact that it would influence her ability to decide this case. The record clearly reflects the juror's difficulty in following County Court's questions in that

regard and demonstrates that she changed her answers to County Court's questions only after being advised that she would not be permitted to serve as a juror based on her initial responses. County Court accepted the People's first explanation as nonpretextual and race-neutral and, inasmuch as the finding of intentional discrimination is a factual matter requiring an evaluation of the prosecutor's credibility, County Court's assessment is entitled to great deference (see, People v Kaplan, 176 AD2d 821; People v Gregory ZZ., supra). Accordingly, we find no reason to disturb County Court's determination that the People's explanation was legitimate. Finally, we find no merit in defendant's contention that County Court abused its discretion in sentencing.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.