**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Robert D. GANDY, Defendant–Appellant.**

No. 92CA0728.

Colorado Court of Appeals,
Div. II.

Feb. 24, 1994.

As Modified on Denial of Rehearing
June 16, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard J. Korecki, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Robert Gandy, appeals from the judgment of conviction entered on a jury verdict finding him guilty of second degree burglary. Defendant also appeals his adjudication as an habitual criminal. We remand for additional findings and a possible new trial.

Initially, we address defendant's contention that the prosecutor systematically excluded minorities and men from the jury, thus warranting the declaration of a mistrial. We disagree that the trial court erred in denying a mistrial based on the claim of racial discrimination. However, because the trial court made no findings with regard to whether the prosecutor had impermissibly challenged jurors based on gender, we remand this matter for further consideration.

The original venire consisted of eleven men and fourteen women. One man and two women were excused for cause. In the exercise of peremptory challenges the prosecutor excused six men while the defendant excused four women and two men.

The defendant moved to impanel another jury, arguing that the prosecution had improperly exercised its peremptory challenges to "exclude as many males as possible" from the panel, particularly minority men. The trial court then employed the analytical framework established in *Fields v. People*, 732 P.2d 1145 (Colo.1987) and found that the prosecutor had articulated racially neutral reasons for the challenge to the three minority men challenged. However, the trial court did not rule nor did the prosecution give an explanation of why it had excused the other three men.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the equal protection clause of the Fourteenth Amendment prohibited a prosecutor's exercise of peremptory challenges to strike petit jurors on the basis of race. Subsequent cases have expanded the ban against racially-motivated peremptory challenges to include those challenges made by criminal defendants, *Georgia v. McCollum*, 505 U.S. ——, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), and by private litigants. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

In *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court further held that a criminal defendant may object to race-based peremptory challenges regardless of whether the defendant and the excluded jurors belong to the same racial group.

Our supreme court in *Fields v. People, supra*, adopted the *Batson* rule and additionally determined that race-based peremptory challenges violate a defendant's right to an impartial jury under Colo. Const. art. II, § 16. *Cf. Holland v. Illinois*, 493 U.S. 474, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990) (no corresponding violation under the Sixth Amendment).

Under the procedure set forth in *Batson* and *Fields*, a presumption exists that the contested peremptory challenges were exercised in a constitutionally permissible manner. The presumption may be rebutted through a showing that the excluded jurors belong to a cognizable group and that they were excused solely because of their membership in that group. If the trial court finds that a *prima facie* case has been established, the burden shifts to the prosecutor to come forward with neutral reasons for the challenges. *See People v. Arrington*, 843 P.2d 62 (Colo.App.1992). The trial court must then determine whether the defendant has established the existence of purposeful discrimination. *People v. Cerrone*, 854 P.2d 178 (Colo. 1993).

Subsequent to the issuance of our original opinion February 24, 1994, and while the People's petition for rehearing was pending, the United States Supreme Court addressed the issue of gender-based peremptory challenges in *J.E.B. v. T.B.*, 511 U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The court held that gender-based peremptory challenges cannot survive the heightened equal protection scrutiny that is afforded distinctions based on gender. Rationales that deci-

sions to strike virtually all males may reasonably be based on the perception, supported by history, that men otherwise totally qualified to serve as jurors might be more sympathetic and receptive to the arguments of a man charged in a paternity action (the court also noted the same potential defect in gender-based challenges in issues involving rape and sexual harassment) while women equally qualified might be more sympathetic and receptive to the argument of women is virtually unsupported and is based on the very stereotypes the law condemns.

Further, the court held the conclusion that litigants may not strike potential jurors solely on the basis of gender does not imply the elimination of all peremptory challenges. It stated that so long as gender does not serve as a proxy for bias, unacceptable jurors may still be removed, including those who are members of a group or class that is normally subject to "rational basis" review and those who exhibit characteristics that are disproportionately associated with one gender.

█ Here, the defendant's claim of racial and gender discrimination was based on the prosecutor's peremptory challenges to three male jurors. The prosecution responded by providing reasons for the challenges that were independent of race. The prosecution, however, stated that its profile for the ideal juror was, like the victim, an educated professional woman who resided in the same neighborhood and in a similar living situation. It also argued that the defense had systematically excluded white professional women from the jury.

█ Without distinguishing between the racial and gender discrimination claims, the trial court determined that the defendant established a prima facie case by showing that the prosecutor had used a disproportionate number of peremptory challenges to remove jurors from a cognizable group. The prosecution argues that this finding is erroneous because the jury ultimately impanelled contained both minority persons and men. However, the removal of all members of a cognizable group is not a prerequisite to the prima facie showing of discriminatory challenges, and the record supports the trial court's ruling. *See People v. Irizarry,* 165 A.D.2d 715, 560 N.Y.S.2d 279 (1990); *People v. Blunt,* 162 A.D.2d 86, 561 N.Y.S.2d 90 (1990); and *People v. Portley,* 857 P.2d 459 (Colo.App.1992) (even the removal of only one member of a cognizable group may be sufficient to establish a prima facie case of the discriminatory use of peremptory challenges).

Unanswered by the trial court was defendant's complaint that the prosecutor's systematic exercise of the challenges to men resulted in violation of the cross-section rule, thereby obtaining a substantial majority of jurors from the group to which the victim belonged. *See People v. Fields, supra; see also Batson v. Kentucky, supra.* We conclude that further findings are necessary relative to this determination.

█ The trial court is in the best position to evaluate the circumstances surrounding the selection of a jury. *People v. Staten,* 746 P.2d 1362 (Colo.App.1987).

Reviewing the record as it pertains to defendant's claim of racial discrimination, we are satisfied that the trial court did not err when it determined that the contested challenges were made based on race-neutral considerations. However, because the trial court failed to address defendant's claim of gender discrimination, under either the federal or state constitutions, a remand for findings on that question is necessary.

The cause is, therefore, remanded to the trial court for further consideration of the gender discrimination question in accordance with the rules set forth in *J.E.B. v. T.B., supra.* If the trial court concludes that gender discrimination occurred, it shall, accordingly, set aside the judgment of conviction and retry this matter. If, on the other hand, the trial court determines that no gender discrimination occurred, it shall recertify this matter for this court's consideration of the other claims of error asserted by defendant.

NEY and TAUBMAN, JJ., concur.