■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. ALLEN, Appellant. [616 NYS2d 672] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 19, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree (two counts), sexual abuse in the first degree, endangering the welfare of a child (two counts), rape in the second degree and incest.

When we initially considered the issues raised by defendant on appeal of his conviction (199 AD2d 781), we found he had made a prima facie showing, before County Court, that the prosecutor exercised her peremptory challenges in a discriminatory manner by using over 90% of them to strike males from the jury. Because County Court had not afforded the People an opportunity to state gender-neutral reasons for their challenges, however, we remitted the matter for that purpose. Having heard those reasons, which the court found sufficient, defendant now asserts that a number of them are merely pretextual and, consequently, that he has carried his burden of proving discrimination (see, Batson v Kentucky, 476 US 79, 90).

Review of the voir dire transcript, as well as the People's reason for each peremptory strike, discloses that defendant's contention has merit. Although the "gender neutral" (or "race neutral") reason for exercising a peremptory challenge need not rise to the level of a challenge for cause (see, People v Hernandez, 75 NY2d 350, 357, affd 500 US 352), it must be legitimate and not merely a pretext for discrimination (see, J.E.B. v Alabama ex rel. T.B., 511 US —, —, 128 L Ed 89, 107). To determine whether the stated reasons are, in fact, legitimate and sufficient to rebut defendant's prima facie showing, the trial court must "undertake 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (Batson v Kentucky, supra, at 93, quoting Arlington Hgts. v Metropolitan Hous. Dev. Corp., 429 US 252, 266), including information which may be gleaned from the voir dire conducted of other prospective jurors with respect to whom challenges were not exercised. The use of a facially neutral reason to strike panel members of one gender, but not those of the other gender who exhibit the same, purportedly objectionable, characteristic, provides a strong indication that the reason furnished was not the true basis for the strike, and in such a situation—given that the defendant has already come forth with sufficient evidence to establish a prima facie

case—it is incumbent upon the prosecutor to explain the discrepancy *(see also, People v Bennett,* 206 AD2d 382).

Here, while the prosecutor's explanations for her challenges are, on their face, gender-neutral, examination of the voir dire reveals that where female jurors were concerned, the same reasons were apparently considered insignificant. For example, the prosecutor claimed to have struck one male juror because he was unmarried and had no children, yet she failed to use a peremptory challenge to remove a young woman who was also unmarried and apparently childless. Another man was purportedly removed because he knew the defense attorney, and a third because of his familiarity with an attorney (Robert Douglas) who had been associated with the prosecutor's office and because his cousin was an attorney. Challenges were not, however, exercised to strike women, despite their associations with Douglas or the defense attorney—one woman who was ultimately seated on the jury had employed defendant's attorney just three years previously—and despite the fact that they admitted having lawyers as close relatives. And finally, although a male was removed solely because he was divorced, one of the women on the panel, who had stated that she was not married but had children, was not even questioned as to her marital status and went unchallenged by the People.

Hence, it appears that the prosecutor was not actually concerned with jurors' marital status, children or connections with other attorneys, and in the absence of any other explanation it must be presumed that these factors were simply employed to mask a true intention to exclude from the jury as many men as possible. Although defendant bears the ultimate burden of proving discriminatory intent, that burden is met where, as in this instance, a prima facie showing of discrimination has been made and the People are unable to satisfactorily explain the reasons for challenges that appear to have been based on gender *(cf., People v Bolling,* 79 NY2d 317, 320). Inasmuch as we are unable to discern, from the record, a satisfactory basis for County Court's conclusion that the People had adequately explained their use of peremptory challenges, a new trial must be granted.

Mikoll, J. P. and Crew III, JJ., concur.

Casey, J. (dissenting). It is our view that the majority has imposed a new and cumbersome burden of proof on the People. Although the majority concedes that the prosecutor

came forward with gender neutral explanations for having excused 14 male jurors, as required by *Batson v Kentucky* (476 US 79; *see, People v Hernandez,* 75 NY2d 350, 355-357, *affd* 500 US 352), the prosecutor must also, according to the majority, provide a gender neutral explanation for not excusing any female juror who might conceivably be viewed as having some of the same objectionable characteristics as one or more of the excused male jurors. Once the People met their burden of going forward with the proof of a gender neutral explanation, defendant bore the ultimate burden of persuasion as the person alleging the intentional discrimination *(see, People v Hernandez, supra,* at 355). It is significant that when defense counsel made a reference to unexcused female jurors who had indicated an association with defense counsel, the prosecutor stated that only one juror had an association with defense counsel, and explained that she elected not to excuse the juror despite the association with defense counsel because of other information which led the prosecutor to believe that the juror would be a strong member of the jury. Had defendant raised similar objections based upon the other purported inconsistencies relied upon by the majority, the prosecutor would have had the opportunity to explain them as well. The majority's holding not only shifts the burden of persuasion to the People, it also puts the People in the tenuous position of having to anticipate those unexcused female jurors an appellate court might later view as similarly situated with one or more of the excused male jurors. In effect, the majority has adopted the analysis espoused by the dissent in *People v Hernandez (supra,* at 360-365).

Mercure, J., concurs. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.