■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MAISONET, Appellant. [618 NYS2d 718] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered October 29, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County for further proceedings pursuant to CPL 460.50 (5).

The record supports the trial court's *sua sponte* determination of the existence of a prima facie showing of gender discrimination after counsel suggested that female jurors were more likely than male jurors to believe a female witness *(see, J.E.B. v Alabama ex rel. T.B.,* 511 US —, 114 S Ct 1419), and its rejection of counsel's explanation for his peremptory challenges which offered no gender-neutral reasons why he rejected a female juror who was a crime victim and another whose sister was an attorney while accepting similarly situated male jurors *(People v Allen,* 206 AD2d 593).

Defendant's claim that the court's *Batson* findings violated "ex post facto principles" is not preserved for review *(see, People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914), and in any event is without merit *(see, Collins v Youngblood,* 497 US 37, 41, 52; *see also, People v Irizarry,* 165 AD2d 715).

Any error in the court's preclusion of the cross-examination of a police officer regarding inconsistencies contained in a document prepared by her partner, but reviewed and signed by the witness, was harmless, since the contents of the docu-

ment were placed before the jury through the testimony of the officer's partner and the evidence of defendant's guilt was overwhelming *(People v Dackowski,* 50 NY2d 962, 963-964).

It was within the trial court's sound discretion to deny defendant's motion for a mistrial after a police witness inadvertently referred to additional unspecified "contraband" which had been seized from defendant, and the court immediately instructed the jury that the only contraband at issue was the gun which had been recovered at the crime scene *(People v Tolbert,* 202 AD2d 171, *lv denied* 84 NY2d 833).

We have considered defendant's remaining contentions and find they do not warrant modification of the judgment. Concur —Asch, J. P., Rubin, Nardelli and Tom, JJ.