■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAGANO, Appellant. [628 NYS2d 68] —Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J., at speedy trial motion; Frank Diaz, J., at trial), rendered July 2, 1993, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, unanimously affirmed.

In our prior order, we found that the verdict was not based on legally insufficient evidence, nor was it against the weight of the evidence. We also found that defendant's speedy trial motion was properly denied because defendant failed to preserve his claim that the People proffered insufficient medical proof that the complainant was unable to testify and because, were we to review the merits, the medical affirmation adequately supported the complainant's unavailability (*People v Pagano*, 207 AD2d 685).

We held the appeal in abeyance, however, based upon the trial court's failure to require the People to explain their first-round peremptory jury challenges and remanded the matter to Supreme Court for a *Batson* hearing. The Supreme Court, following hearings held on January 13, 1995 and January 27, 1995, concluded that the prosecution had provided race-neutral explanations for the exercise of the challenges. We now affirm.

As set forth in greater detail in the companion case of *People v Mancini* (219 AD2d 456), the prosecutor stated a race-neutral explanation for striking the prospective jurors during the first round of voir dire (*Batson v Kentucky*, 476 US 79, 96-97; *People v Simmons*, 79 NY2d 1013, 1015), employing a method based

upon juror characteristics other than race (*Hernandez v New York*, 500 US 352, 360). The burden then shifts to the defense to demonstrate that the reasons proffered for striking the prospective jurors are pretextual (*see, e.g., United States v Scott*, 26 F3d 1458, 1465, *cert denied sub nom. Richard v United States*, — US —, 115 S Ct 584).

In the matter before us, the defendant has failed to meet his burden as the voir dire process was directed at the teaching profession and, given the inexactness of the act of jury selection, an attorney is entitled to rely on personal experience with those employed in a particular capacity in screening potential jurors (*United States v Johnson*, 4 F3d 904, 912-914, *cert denied* — US —, 114 S Ct 1082). The prosecutor herein utilized a profile of the ideal juror tailored to the particular case and the profile was consistently applied across racial lines (*People v Epps*, 176 AD2d 293, *lv denied* 78 NY2d 1127). Concur—Sullivan, J. P., Wallach, Williams and Tom, JJ.