(October 5, 1995)

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. ALLEN, Appellant. [631 NYS2d 945] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 19, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree (two counts), sexual abuse in the first degree, endangering the welfare of a child (two counts), rape in the second degree and incest.

Earlier, we found that County Court had erred in summarily denying defendant's motion for a mistrial, despite his having established, prima facie, that the People had exercised their peremptory challenges in a discriminatory manner, using over 90% of them to strike male jurors (199 AD2d 781). Upon remittal, the People offered gender-neutral reasons for each of the strikes and, when further objections were raised by defendant's attorney, explained why two of the prospective jurors had been

rejected while others, apparently similarly situated, had not. County Court explicitly found the prosecutor's reasons acceptable and rejected defendant's claim of discrimination.

On appeal, a majority of this Court concluded that several of the reasons given by the prosecutor for striking men, though facially "gender-neutral", had not been used to exclude female panel members with like characteristics, that those reasons were pretextual and that defendant's motion should have been granted (206 AD2d 593). The Court of Appeals rejected this analysis, holding that, except in two instances where factual questions were raised, the prosecutor's explanations were "sufficient as a matter of law to rebut the threshold showing of discrimination" (86 NY2d 101, 110). The case has been returned to us for the purpose of reviewing County Court's factual findings.

The prosecutor's stated reasons being facially valid, the burden was upon defendant to convince County Court that those reasons were pretextual and intended to mask a discriminatory purpose. On this issue, which is essentially one of credibility, County Court's judgment is entitled to great deference (*see, People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352; *People v Rios*, 201 AD2d 762, 764, *lv denied* 83 NY2d 875).

To justify her challenges to the two jurors in question, the prosecutor stated that one man, who was likely to become foreman of the jury, was removed because he was soft-spoken and appeared insufficiently assertive, and that the other was stricken because he indicated he knew defense counsel socially. Although defendant maintained, in each case, that the People had failed to exclude female panel members who were similarly tainted, no particular woman was identified. Despite that, the prosecutor attempted to respond to defendant's general claims of unequal treatment by explaining her failure to strike two women, one who had also been in a position to be foreperson, and another who had previously been represented by defendant's attorney. County Court, not unreasonably, credited these explanations; given that defendant neither contested them nor specified any other instances of allegedly disparate treatment, the court cannot be said to have erred in rejecting, as unproven, his allegations of intentional discrimination.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.